**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3052
_____

HENRY UCHE OKPALA,
                                        Appellant

v.

JOHN JOSEPH LUCIAN; JOHN EDWARD LUCIAN;
LIBERTY MUTUAL INSURANCE COMPANY;
SERVICEMASTER RESTORATION OF MONTGOMERY,
FREDERICK, HOWARD & WASHINGTON COUNTIES
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-14-cv-01443)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2016

Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 22, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Henry Uche Okpala appeals from the order of the District Court granting the Defendants' motions to dismiss his amended complaint. We will affirm.

Because we write primarily for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. Okpala filed an amended complaint in the District Court naming as Defendants Liberty Mutual Insurance Company ("Liberty Mutual"); ServiceMaster Restoration of Montgomery, Frederick, Howard, & Washington Counties, Maryland ("ServiceMaster"); and his former landlords, John Joseph Lucian and John Edward Lucian ("the Lucians"). In 2007, Okpala began renting a townhome located in Hanover, Maryland, which was owned by the Lucians. Okpala claimed that, in October 2013, while cooking in his townhome, a fire occurred which caused damage to the property and required him to obtain temporary housing. Apparently dissatisfied with the restoration and cleanup efforts after the fire, Okpala withheld his rent payments.[1] In turn, the Lucians filed a lawsuit in Maryland state court against Okpala for nonpayment of rent, which they ultimately won. In the amended complaint, Okpala alleged that the Lucians are in breach of contract and sought a refund of his security deposit. Okpala further claimed that the Lucians, Liberty Mutual, and ServiceMaster acted unprofessionally throughout the restoration process because he is not Caucasian.

---

[1] Liberty Mutual, the insurer of the townhome, contracted with ServiceMaster to perform the restoration of property.

The Defendants filed motions to dismiss Okpala's complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted the motions, concluding that Okpala's claims were either foreclosed by the doctrine of res judicata, prohibited by the Rooker-Feldman doctrine,[2] or failed to sufficiently state claims for relief. The Court further determined that it lacked personal jurisdiction over Defendant ServiceMaster. Okpala appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Okpala's claims against the Lucians were properly dismissed. As the District Court ably explained, it appears that Okpala may have been seeking to overturn several state court orders entered against him years earlier which determined his rights and obligations under the residential lease that he entered into with the Lucians. Indeed, many of the allegations set forth in Okpala's amended complaint (including claims that the Lucians acted with bias because he is not Caucasian) are the same as those that he unsuccessfully presented during the state court litigation. To the extent that Okpala complains of injuries caused by those earlier state court judgments, his claims are

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

precisely the type that a federal court lacks jurisdiction to consider, pursuant to the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (determining that federal courts are precluded from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced).

However, even if Okpala was not seeking to overturn those prior state court rulings, we also agree with the District Court that his claims against the Lucians are barred under the doctrine of res judicata. Res judicata bars claims that were actually litigated or could have been litigated in the prior action. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). For res judicata to apply, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984); see also In re Montgomery Ward, LLC, 634 F.3d 732, 736-37 (3d Cir. 2011). "In deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (citation omitted).

Based on our review of Okpala's amended complaint and documents submitted by the Lucians, we agree with the District Court that those requirements have been met and

4

that Okpala is merely attempting to re-litigate issues that were already decided in state court.  See Exxon Mobil, 544 U.S. at 293 (recognizing that "a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment" even if there is jurisdiction to hear the merits of the claim).  As a result, res judicata bars Okpala's claims against the Lucians.

We also agree that Okpala failed to state claims against Liberty Mutual and ServiceMaster.  While Okpala presents some vague and conclusory allegations that those Defendants acted in concert with the Lucians to deprive him of a habitable property because of his race, we agree with the District Court that such allegations, standing alone, are insufficient to state a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that a complaint must do more than allege a "mere possibility of misconduct;" it must show the pleader's entitlement to relief).[3]  In particular, Okpala failed to allege "facts that plausibly suggest a meeting of the minds."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010).

Accordingly, we will affirm the judgment of the District Court.[4]

---

[3] Because we affirm the dismissal of Okpala's complaint on these grounds, we need not consider any of the District Court's additional bases for dismissal.

[4] Okpala's's requests to file a reply brief and appendix out of time are granted.  Appellee Liberty Mutual's motions to strike are denied.